PeaesoN, J.
 

 While the defendant Gunn was the equitable owner of the note, the plaintiff had an equity, as against him, upon which this Court would have interfered to prevent advantage from being laken of the fact that tire legal title was in the defendant Privatt, and would not have allowed the judgment in the name of Privatt to have been enforced for the benefit of Gunn, but would have causéd it to be discharged, by making it a set-off,
 
 pro
 
 tanto, to the larger amount due to the plaintiff.
 

 But after Gunn transferred the equitable ownership of the note to the defendant Leitch, for the benefit of the cestuis qui trust.named in the deed, who were
 
 bona fide
 
 creditors of Gunn, the plaintiff had no equity as against Leitch; for he represents creditors ; and the rule is, when equities are equal, the law prevails, and, as between creditors, a court of equity will stand neutral and allow the law to take its course, unless there be some circumstance that makes the equity of one superior to that of the other.
 

 The plaintiff relies on the circumstance, that at the time Gunn traded for the note, he said
 
 “
 
 he wanted it for the purpose of paying off claims which the plaintiff had against him.”
 

 The plaintiff was not privy to this purpose of
 
 Gunn.
 
 It was collateral, and he was at liberty to change his mind in regard to it whenever he saw proper. In order to attach an equity to the note in favor of plaintiff, it is necessary that there should be an agreement between him and Gunn, that it should bo applied as a set-off, or the plaintiff should have sued him and forced him into an arrangement while the beneficial ownership was in him. Of this, there is no allegation, and we cannot see that it was against conscience for Gunn, in the exercise of the right of every man to prefer one creditor over another, to transfer it for the use of other
 
 bona fide
 
 creditors.
 

 The plaintiff, as a last resort, falls back upon the position,
 
 *348
 
 that as the money is in his pocket, equity will not allow it to be taken out and applied to the use of others, causing hind to lose his debt.
 

 This general position has nothing to sustain it. The legal title is in Privatt. líe has a right to collect the money for the benefit of the creditors represented by Leitcb, to whom the equitable title was transferred. It is the plaintiff’s misfortune not to have taken the steps necessary to attach an equity to the note while it was in the hands of Gunn.
 

 • IJpon looking into the transcript, we hud that, upon the coming in of the answers of Privatt and Leitch, “ it is ordered that the cause be referred to the clerk and master to state the account,” and the report is filed and confirmed.
 

 The plaintiff relies upon this as an adjudication of his right to an account. "We cannot give it that effect. There was no replication, and the cause was not set down for hearing until after the report was filed and confirmed. So, the order must have been intended, simply, as an enquiry to ascertain the fact of the plaintiff’s debt against Gunn. It cannot be taken as an adjudication of the rights of the parties; because, at that stage there was nothirg to adjudicate — nothing for the court to act upon.
 

 Pee Cueiam, The bill must be dismissed.